*947 OPINION.
Murdock:
The petitioner contends that it is entitled to deduct the net loss sustained by the West Point Marion Coal Works in 1921 from its net income in 1922. Section 204 of the Revenue Act of 1921 in paragraph (a) provided in part that “the term ‘net loss’ means only net losses resulting from the operation of any trade or business regularly carried on by the taxpayer * * In paragraph (b) this section further provided:
If for any taxable year beginning after December 31, 1920, it appears upon the production of evidence satisfactory to the Commissioner that any taxpayer has sustained a net loss, tile amount thereof shall be deducted from the net income of the taxpayer for the succeeding taxable year; * * *.
The petitioner is not entitled to the deduction claimed under this section because it sustained no net loss in the year 1921. See White House Milk Co., 2 B. T. A. 860. Its existence and the operation of any business by it from which a loss might have resulted did not begin until some time in 1922. See Florida Grocery Co., 1 B. T. A. 412. This result is not altered by the identity of the petitioner’s stockholders and the holders of the shares of the predecessor association. The petitioner corporation is a taxable entity separate and distinct from its stockholders and separate and distinct from its predecessor. See E. C. Huffman, 1 B. T. A. 52; John K. Greenwood, 1 B. T. A. 291, and cases there cited.

Judgment will he entered under Rule 50.